IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Monqueisha L. Joe, ) | C/A No.: 0:14-159-CMC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Security Finance Corporation of South ) | |
| Carolina, ) | |
| ) | |
| Defendant. ) | |
| ) | |

In this employment discrimination case, Monqueisha L. Joe ("Plaintiff") sues her former employer Security Finance Corporation of South Carolina ("Defendant") for race discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1981 and intentional and negligent infliction of emotional distress. This matter comes before the court on Defendant's motion to stay litigation and compel arbitration, or in the alternative, to dismiss for binding arbitration. [Entry #5]. Plaintiff filed a response to the motion [Entry #7], and Defendant filed a reply [Entry #8]. This motion having been fully briefed, it is ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). Because the motion is arguably dispositive, this report and recommendation is entered for the district judge's consideration. For the reasons that follow, the undersigned recommends the district court grant Defendant's motion and dismiss this action for the parties to pursue binding arbitration.

I.     Factual Background

On January 2, 2013, Plaintiff entered into an employment agreement with Defendant detailing terms and conditions applicable to her employment ("Agreement"). [Entry #7-1]. The parties agree that the Agreement contains a clear and conspicuous, mutually-binding mandatory arbitration provision applicable to the types of claims and disputes brought in the instant action. Specifically, the arbitration provision provides that "ARBITRATION SHALL BE THE SOLE AND EXCLUSIVE REMEDY FOR RESOLVING SUCH CLAIMS AND DISPUTES . . . ." [Entry #7-1 at ¶ 17] (emphasis in original). The arbitration provision also states:

> Employee and Company agree that a written request for arbitration regarding any claims or dispute made subject to arbitration pursuant to this Agreement must be mailed or hand-delivered to the other party within a reasonable time, not to exceed six (6) months, after the acts or events giving rise to the claim or dispute are discovered.

*Id*. at ¶ 17(C)(1). In addition, the Agreement provides for costs and attorney's fees if either party institutes a suit. Id. at ¶ 17(D)(2). Specifically, the Agreement states:

> If either party institutes a suit, an action or some form of litigation other than arbitration regarding any claim or dispute that is made subject to arbitration pursuant to this Agreement, the responding party shall be entitled to have such suit, action or proceeding dismissed and shall be entitled to recover all costs, losses and attorney's fees related to such action or proceeding.

*Id*.

On April 8, 2013, Plaintiff filed a charge of discrimination with the EEOC [Entry #7-2 at 2], an action that is specifically exempted from the types of disputes subject to arbitration [Entry #7-1 at ¶ 17(B)(3)]. Defendant filed a response to the charge of discrimination on May 22, 2013. [Entry #7-3]. Plaintiff filed this action on January 20, 2014. [Entry #1].

2

II. Discussion

    A. Standard of Review

A litigant can compel arbitration under the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.* ("FAA"), if the litigant can demonstrate: "'(1) the existence of a dispute between the parties; (2) a written agreement that includes an arbitration provision which purports to cover the dispute; (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce; and (4) the failure, neglect or refusal of the [party] to arbitrate the dispute.'" *Am. Gen. Life & Accident Ins. Co. v. Wood*, 429 F.3d 83, 87 (4th Cir. 2005) (quoting *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500–01 (4th Cir. 2002)). The FAA provides that written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The policy behind the FAA "was to reverse the longstanding judicial hostility to arbitration agreements that had existed at English common law and had been adopted by American courts, and to place arbitration agreements upon the same footing as other contracts." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991). Thus, courts are to afford a "healthy regard" for the federal policy favoring arbitration, *id.* at 26, and arbitration agreements are to be "rigorously enforced," *Perry v. Thomas*, 482 U.S. 483, 490 (1987). Doubts regarding the scope of issues covered by an arbitration agreement must be resolved in favor of arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983). The United States Supreme Court has specifically held that the FAA and the policies behind it apply in the employment context. *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105 (2001).

When a question of arbitrability arises, the district court, not the arbitrator, decides whether a matter should be resolved through arbitration. *See Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287 (2010). This determination, however, is limited to a two-step inquiry: (1) whether a valid arbitration agreement exists; and (2) whether the specific dispute falls within the substantive scope of the arbitration agreement. *See Hooters of Am., Inc. v. Phillips*, 173 F.3d 933, 938 (4th Cir. 1999). Arbitration is compelled "unless it may be said with positive assurance that the arbitration [agreement] is not susceptible of an interpretation that covers the asserted dispute." *Peoples Sec. Life Ins. Co. v. Monumental Life Ins. Co.*, 867 F.2d 809, 812 (4th Cir. 1989) (quoting *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582–83 (1960)). If all of the claims asserted in a complaint are subject to arbitration, dismissal of the complaint is appropriate. *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709–10 (4th Cir. 2001).

B.   Analysis

Defendant argues that the Agreement is mandatory and Plaintiff's claims are subject to binding arbitration. [Entry #5]. Based on subparagraph (C)(1) of the arbitration provision, Plaintiff argues that as a condition precedent to arbitration, each party had a duty to inform the other that it preferred arbitration. [Entry #7 at 3]. Plaintiff further reasons:

> This duty to inform, in writing, was accompanied by a statute of limitations not to exceed six (6) months. Defendant, although fully aware Plaintiff was claiming discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended, never informed Plaintiff of their intent to submit this dispute to arbitration. Consequently, Defendant has waived arbitration of the issues sub judice.

*Id*. The undersigned is not persuaded by Plaintiff's interpretation of subparagraph (C)(1). First, the arbitration provision distinguishes between claims/disputes such as EEOC charges

4

and other justiciable claims. [Entry #7-1 at ¶ 17(A) and (B)]. Therefore, Defendant did not have knowledge that Plaintiff was asserting a claim/dispute subject to the arbitration agreement until it was served with the instant action. In addition, Plaintiff's interpretation would render meaningless the arbitration provision's language requiring that arbitration be the "sole and exclusive remedy" for such disputes. Thus, the undersigned recommends Defendant's motion to compel arbitration be granted.

Defendant also requests it be granted costs and attorneys' fees it has expended in bringing this motion pursuant to subparagraph (D)(2) of the arbitration provision. The language of the Agreement is clear that if a party institutes litigation for any claim subject to arbitration, the responding party is entitled to costs and attorneys' fees related to having the action dismissed. Therefore, the undersigned further recommends that Defendant be awarded costs and attorneys' fees related to this motion.

III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the district judge grant Plaintiff's motion to compel arbitration [Entry #5], dismiss this action, and grant Defendant's request for costs and attorneys' fees.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

April 2, 2014                                         Shiva V. Hodges
Columbia, South Carolina                    United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).