# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Monqueisha L. Joe, ) | C/A No. 0:14-159-CMC-SVH |
| Plaintiff, ) | |
| v. ) | |
| ) | **OPINION & ORDER** |
| Security Finance Corporation of South ) | |
| Carolina, ) | |
| Defendant. ) | |

Through this action, Plaintiff alleges race discrimination by her employer in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1981, as well as intentional and negligent infliction of emotional distress. Defendant filed a motion to stay litigation and compel arbitration, or in the alternative, to dismiss the case for binding arbitration. The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.).

The Report, filed on April 2, 2014, recommends that the court grant Defendant's motion to dismiss this action for binding arbitration. ECF No. 9. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if she failed to do so. *Id.* Plaintiff filed objections to the Report on April 21, 2014, arguing that the case should be stayed, not dismissed. ECF No. 10. Defendant did not file a response to Plaintiff's objections, and the deadline for doing so has passed.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has

no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

Defendant moved to stay this action and to compel arbitration based on an arbitration clause in Plaintiff's employment agreement. ECF No. 5. The agreement provides, in relevant part:

> 17. <u>Arbitration</u>. EMPLOYEE AND THE COMPANY AGREE TO ARBITRATE ANY CLAIMS AND DISPUTES DESCRIBED IN SUBPARAGRAPH "A" BELOW. EMPLOYEE AND THE COMPANY FURTHER AGREE THAT SUCH ARBITRATION SHALL BE THE SOLE AND EXCLUSIVE REMEDY FOR RESOLVING SUCH CLAIMS AND DISPUTES, AND AGREE THAT THE DECISION OF THE ARBITRATOR(S) SHALL BE FINAL AND BINDING.
>
>     A. Claims and Disputes Subject to Arbitration.
>
>     (1) Except as provided in B below, any claim that, in the absence of this Agreement, would have been justiciable under applicable state or federal law.
>
>     (2) Except as provided in B below, any claim regarding, or related to, violations of federal, state or local laws and statutes prohibiting discrimination (including, but not limited to, race . . . ).
>
>     (3) Any claim regarding, or related to, . . . intentional infliction of emotional

> distress, negligence or claims for personal, emotional, physical or economic injury.
>
> B.  Claims and Disputes NOT Subject to Arbitration.
> . . .
> (3) an administrative charge with the EEOC, or similar fair employment practices agency, or an administrative charge within the jurisdiction of the National Labor Relations Board. However, Employee's exclusive remedy for any monetary recovery shall be through arbitration.
>
> C.  Arbitration Procedure.
>
> (1) Employee and the Company agree that a written request for arbitration regarding any claims or dispute made subject to arbitration pursuant to this Agreement must be mailed or hand-delivered to the other party within a reasonable time, not to exceed six (6) months, after the acts or events giving rise to the claim or dispute are discovered.

ECF No. 7-1 at 9-10 (Employment Agreement, § 17).

Plaintiff does not dispute that her claims are covered by the arbitration clause or that she agreed to arbitrate. ECF No. 7 at 2 (Plaintiff's Opposition to Motion) ("Plaintiff does not deny part of her employment agreement contained a mutually-binding, clear and conspicuous mandatory arbitration provision. Plaintiff also does not dispute that the language in the arbitration provision encompasses the type of action filed in this Court."). Rather, Plaintiff contends "as a condition precedent to arbitration, either party had a duty to inform the other that arbitration was the preferred means of resolution" and that neither party did so. *Id.* at 3. According to Plaintiff, based on Defendant's failure to timely request arbitration, "Defendant has waived arbitration of the issues *sub judice*."[1] *Id.* at 4. In reply, Defendant argues that Plaintiff was "[t]he only party that could have (and

---

[1] Plaintiff alleges she submitted a charge of discrimination to the Equal Employment Opportunity Commission ("EEOC") on April 8, 2013. ECF No. 1, ¶ 7 (Complaint). In the charge of discrimination, Plaintiff alleges she was terminated on April 1, 2013 because of her race. ECF No. 7-2 at 2 (Charge of Discrimination). Defendant responded to Plaintiff's charge of discrimination in a position statement dated May 22, 2013. Dkt. No. 7-3 (Position Statement). Plaintiff alleges the EEOC mailed her a right to sue letter on October 22, 2013, and that she received the letter on October 24, 2013. Complaint at ¶ 8. Plaintiff filed this action on January 20, 2014. ECF No. 1.

should have) invoked the arbitration procedure at an earlier date." ECF No. 8 at 3.

Arbitrability questions, such as whether an arbitration clause covers a particular claim, are questions for the court to decide. *See BG Group, PLC v. Republic of Argentina*, __ U.S. __, 134 S. Ct. 1198, 1206-07 (2014). By contrast, absent contrary indication in an agreement, procedural questions, such as "'allegation[s] of waiver, delay, or a like defense to arbitrability'" including "'whether prerequisites such as time limits, notice, laches, estoppel, and other conditions precedent to an obligation to arbitrate have been met, are for the arbitrators to decide.'" *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84-85 (2002) (quoting *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983) and Revised Uniform Arbitration Act of 2000 § 6, comment 2, 7 U.L.A. 13 (Supp. 2002)[2]). In *Howsam*, the United States Supreme Court held that an arbitrator, not the court, should determine the applicability of an arbitration rule of the National Association of Securities Dealers, which provides no dispute "shall be eligible for submission to arbitration . . . where six (6) years have elapsed from the occurrence or event giving rise to the . . . dispute." *Id.* at 85.

Here, the parties do not dispute, and the court agrees, that Plaintiff's claims are subject to arbitration. Plaintiff, however, contends Defendant waived arbitration by failing to mail or hand-deliver to her a written request for arbitration within six (6) months of May 22, 2013 (when Defendant responded to Plaintiff's EEOC charge), as required by Section 17C(1) of the Employment Agreement. It is unclear how the procedure provided in Section 17C(1) is intended to interact with

---

[2] According to the United States Supreme Court, the Revised Uniform Arbitration Act of 2000 ("RUAA") sought to "'incorporate the holdings of the vast majority of state courts and the law that has developed under the [Federal Arbitration Act].'" *Howsam*, 537 U.S. at 85 (quoting RUAA § 6(c), and comment 2, 7 U.L.A. 12-13 (Supp. 2002)).

4

Section 17B(3) in circumstances where an employee timely files a charge of discrimination with the EEOC. *See* Employment Agreement § 17B(3) ("an administrative charge with the EEOC" is not subject to arbitration). For example, does the six-month clock in Section 17C(1) begin when the Employee files a charge of discrimination, when the Company is informed of the charge, when the EEOC issues its notice of right to sue, or some other time? Who is responsible for providing a written request for arbitration, the Employee, the Company, or both? These procedural questions, however, are not for the court to decide. As explained above, these are issues for the arbitrator. Because the Report made findings and conclusions that could be interpreted as going to the merits of these procedural issues, the court declines to adopt the Report.[3] Based on the parties' agreement to arbitrate Plaintiff's claims, the court grants Defendant's motion to stay litigation and compel arbitration. The court denies Defendant's request for attorneys' fees and costs without prejudice.

## CONCLUSION

For reasons set forth above, the court declines to adopt the Report, grants Defendant's motion to stay litigation and compel arbitration, and denies Defendant's request for attorneys' fees and costs without prejudice. The parties shall file a joint status report within 20 days after a decision or award is issued by an arbitrator or by October 20, 2014, whichever is earlier.

**IT IS SO ORDERED.**

S/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
May 20, 2014

---

[4] The Report finds Plaintiff's argument that Defendant waived arbitration unpersuasive and that "Defendant did not have knowledge that Plaintiff was asserting a claim/dispute subject to the arbitration agreement until it was served with the instant action." ECF No. 9 at 4-5 (Report). The Report also finds "Plaintiff's interpretation would render meaningless the arbitration provision's language requiring that arbitration be the 'sole and exclusive remedy' for such disputes." *Id.* at 5.